UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY WESLEY CLAY,

            Petitioner,

                                    CASE No. 2:22-CV-13061
v.                                  HON. GEORGE CARAM STEEH

JAMES R. SCHIEBNER,

            Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE
PETITION FOR A WRIT OF HABEAS CORPUS [ECF NO. 1],
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Jeremy Wesley Clay ("petitioner"), a state prisoner currently

incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan,

has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254.  Petitioner challenges his convictions on several counts of first-

degree criminal sexual conduct on the grounds the jury was not unanimous

in its guilty verdict and the trial court should have ordered a mistrial. For the

reasons stated below, the application for a writ of habeas corpus is

SUMMARILY DISMISSED WITH PREJUDICE.

## I.    BACKGROUND

A Shiawassee County Circuit Court jury convicted petitioner on two counts of first-degree criminal sexual conduct (CSC-I), Mich. Comp Laws § 750.520b(1)(a) (victim under 13 years of age), and two counts of CSC-I, Mich. Comp Laws § 750.520b(1)(b)(i) (victim at least 13 but less than 16 years of age and a member of the same household). *People v. Clay*, No. 314681, 2014 WL 2880301, *1 (Mich. Ct. App. June 24, 2014), *lv. den*. 497 Mich. 905 (2014).  The trial court sentenced petitioner to a statutorily mandated twenty-five-year minimum prison term for the section 750.520b(1)(a) convictions, to a maximum of seventy years; and concurrent terms of twenty-three years, nine months, to seventy years for the other convictions. *Id.* Petitioner filed a direct appeal, arguing he had received ineffective assistance of trial counsel and that his sentencing guidelines were incorrectly scored. *Id.* at *2, *3. His convictions and sentences were affirmed. *Id*.

Petitioner subsequently filed a state petition for writ of habeas corpus, claiming he was denied his right to a unanimous jury when one juror answered for another during the jury poll after the verdicts were announced, and that the trial court erred by not ordering a mistrial. After the state courts denied relief, he filed a federal habeas petition. *See Clay v.*

*Haas*, No. 2:17-CV-11522, 2017 WL 2306447, at *2 (E.D. Mich. May 26, 2017). This court dismissed the petition without prejudice for failure to exhaust, because a state habeas petition is not the proper method for exhaustion before filing a federal habeas petition. *Id.* at *1.

Petitioner then filed a motion for relief from judgment in the state trial court, re-raising the jury poll issue. The motion was denied, and both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal. *People v. Clay*, No. 339081 (Mich. Ct. App. Dec. 4, 2017); *lv. den.*, 503 Mich. 857 (2018), *reconsid. den.*, 503 Mich. 1039 (2019).

The state supreme court denied petitioner's motion for reconsideration on May 18, 2019. Petitioner filed his application for federal habeas corpus relief on December 12, 2022. (ECF No. 1, PageID.16.) He presents the following question:

> Should the Michigan Supreme Court have denied Petitioner's Motion for Relief from Judgment where it was abundantly clear that the trial court violated Petitioner's Constitutional rights to a Fair Trial and Equal Protection of Laws and Due Process under the Sixth and Fourteenth Amendments?

(*Id.* at PageID.5.)

-3-

## II.    LEGAL STANDARD

### A. Screening and summary dismissal standard

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4, Rules Governing Section 2254 Cases. A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may be summarily dismissed. *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The Sixth Circuit has long established that it "disapprove[s] the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini*, 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id*. at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id*.; *see also Mahaday v. Cason*, 222 F. Supp. 2d 918, 919 (E.D. Mich. 2002).

-4-

After undertaking the review required by Rule 4, this Court concludes that petitioner's non-unanimous jury claim does not entitle him to relief. As explained in greater detail below, the petition must be summarily denied. *See McIntosh v. Booker*, 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

## B. AEDPA Standard of review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), imposes the following standard of review for federal habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established law, "as determined by the Supreme Court of the United States" at the time the state court renders its decision. 28 U.S.C. § 2254(d);

*Greene v. Fisher*, 565 U.S. 34, 38 (2011) (state court decisions should be evaluated against Supreme Court precedents "as of 'the time the state court renders its decision'") (quoting *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011)); *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (citations omitted).

The "AEDPA . . . imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)). A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Id*. at 100. "[A]n opinion from the state court explaining the state court's

reasoning" is not required for a habeas court to "determin[e] whether a state court's decision resulted from an unreasonable legal or factual conclusion[.]" *Id*. at 98 (citations omitted).Nor does AEDPA "require citation of [Supreme Court] cases—indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell v. Esparza*, 540 U.S. 12, 16 (2003). Where the state court's decisions provide no rationale, the burden remains on the habeas petitioner to demonstrate that "there was no reasonable basis for the state court to deny relief." *Id*.

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. *Id*.; *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, for claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen*, 563 U.S. at 181.

## III.   ANALYSIS

The Court has reviewed the petition and exhibits and has determined petitioner is not entitled to a writ of habeas corpus. No clearly established

Supreme Court precedent supports his claim. Petitioner has not established by clear and convincing evidence that he did not receive a unanimous verdict. Finally, petitioner's argument relies significantly on state law, which cannot support habeas relief.

### A. No clearly established precedent existed at time of trial

Petitioner is not entitled to relief because at the time of his trial and subsequent criminal proceedings, no clearly established precedent extended the Sixth Amendment guarantee of a unanimous jury trial verdict to the states. The Supreme Court did not decide this question until 2020, when it held that "a state jury must be unanimous to convict a criminal defendant of a serious offense." *Edwards v. Vannoy*, 141 S. Ct. 1547, 1551 (2021) (citing *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020)).

*Ramos* overturned two 1972 Supreme Court plurality decisions which had allowed Oregon and Louisiana to continue to give effect to non-unanimous criminal jury verdicts. *See Ramos*, 140 S. Ct. at 1397 (citing *Apodaca v. Oregon*, 406 U.S. 404 (1972); *Johnson v. Louisiana*, 406 U.S. 356 (1972)). Until the *Ramos* decision, "non-unanimous jury verdicts in state criminal trials" were allowed. *Edwards*, 141 S. Ct. at 1556 (citations omitted); *see also id.*, n.4 (citing *Timbs v. Indiana*, 139 S. Ct. 682, 687, n. 1 (2019) (recognizing prior decisions holding the Sixth Amendment mandates

-8-

unanimous jury verdicts in federal, but not state, criminal proceedings);

*McDonald v. Chicago*, 561 U.S. 742, 766, n. 14 (2010) (same)).

What does that mean for petitioner? Under AEDPA, he may only obtain relief if the state courts' decisions at issue were contrary to "clearly established" Supreme Court precedents in effect at the time those decisions were rendered. *Greene*, 565 U.S. at 38. The final state court order in petitioner's case was entered on May 18, 2019. *See People v. Clay*, 503 Mich. 1039 (denying motion for reconsideration). But *Ramos* was not issued until April 20, 2020, nearly a year later. At the time of all the state courts' decisions in petitioner's case, clearly established federal precedents permitted non-unanimous state court juries.

Further, *Edwards* held that *Ramos* established a new rule of criminal procedure, but that its new rule did not "apply retroactively on federal collateral review." 141 S. Ct. at 1562. In other words, petitioner may not apply *Ramos* to overturn his final convictions after the conclusion of direct review. *Id.*

In sum, "clearly established" law did not mandate the extension of the Sixth Amendment's unanimous jury verdict guarantee to the states at the time of petitioner's trial, post-conviction motion, or appeals.[1] The state court

---

[1] Petitioner quotes at length an 1898 Supreme Court case which is no

decisions were thus not unreasonable applications of Supreme Court precedent.

## B. Petitioner has not met his factual burden

Petitioner asserts that because the transcript indicates Juror Cowles answered for Juror Mackie during the jury poll, he was not convicted by a unanimous jury and the trial court should have found a manifest necessity to call a mistrial. Petitioner supports his assertion of a non-unanimous jury with an excerpt from his December 6, 2012, jury trial transcript. (ECF No. 1, PageID.21-23.) The court directs the clerk to poll the jury after the verdict was announced. (*Id.* at PageID.21.) Petitioner's argument relies on the following:

> THE CLERK: Barbara Cowles, was that and is that your verdict?
>
> JUROR COWLES:  Yes.
>
> THE CLERK: Steven Mackie, was that and is that your verdict?
>
> JUROR COWLES:  Yes.

*Id.*

---

longer good law. *See Thompson v. State of Utah*, 170 U.S. 343, 355 (1898), *overruled by Collins v. Youngblood*, 497 U.S. 37 (1990), *and abrogated by Williams v. Fla*., 399 U.S. 78 (1970).

No other anomalies are apparent in the transcript. Following the final juror's confirmatory answer, the trial court asks whether there is "[a]ny reason to hold the jury without discharge?" (*Id.* at PageID.22.) Both attorneys confirmed there was no reason not to release the jury. (*Id.*) No objections were made.

The Court notes first that petitioner's argument relies on the inference that because the transcript shows Juror Cowles answering for Juror Mackie, one must conclude that Mackie disagreed with the verdict. There is no affirmative indication of Mackie's disagreement beyond that inference. Petitioner has thus not met his factual burden of clear and convincing evidence to refute the state courts' factual findings. Petitioner's assertion one is "able to hear Juror Barbara Cowles answer for Juror Steven Mackie" on an audio recording of his trial (ECF No. 1, PageID.12) requires the same inferential leap, so it, too, fails to support petitioner's argument to the clear and convincing standard.

In addition, "[t]he Bill of Rights is silent on the issue of polling a jury, and the Supreme Court has never articulated any constitutional requirements under the Due Process Clause." *Rhea v. Jones*, 622 F. Supp. 2d 562, 593 (W.D. Mich. 2008) (further noting that where the Supreme Court has addressed the issue, its decisions "indicate that a jury poll is not

constitutionally required.") (citation omitted). *Accord*, *Cabberiza v. Moore*, 217 F.3d 1329, 1336 (11th Cir. 2000) ("Although polling the jury is a common practice, we know of no constitutional right to have a poll conducted.") (collecting cases). Because petitioner was not constitutionally entitled to a jury poll, he was not entitled to hear each juror affirmatively acknowledge his or her agreement with the verdict.

The Court also finds persuasive the reasoning of the Ionia County Circuit Court which rejected petitioner's state habeas petition on the same grounds raised here.[2] (Case No. 17-11522, ECF No. 1, PageID.68.) That order included the following analysis:

> Plaintiff alleges that a juror answered for another juror when the jury was polled as to their verdict. This Court does not assume that one juror answered for another. If so, the same would have been noticed by the trial court or counsel. Plaintiff has presented no evidence that at the time the verdict was given, that either party or the trial court questioned the jury's verdict. Later at sentencing, defendant and defense counsel were obviously present and apparently raised no objection. What happened very well may have been mistranscribed or a typographical error in the transcript. Regardless, the concerns addressed by plaintiff could have been raised in the trial court in a Motion for new trial or in a motion for relief from judgment . . .
>
> This court is not then satisfied that there is a radical defect that would render the judgment or proceedings absolutely void.

---

[2] Petitioner also raised this issue in a motion for relief from judgment in the state trial court, but did not include that court's order denying relief in his petition. Its reasoning is therefore not available to the Court.

(*Id.*)

The Supreme Court has held that state courts do not have to provide their reasoning in denying relief. *Harrington*, 562 U.S. at 98. Regardless of whether the courts explain their rationale, the burden is on the petitioner to demonstrate that "there was no reasonable basis for the state court to deny relief." *Id*.

Petitioner fails to demonstrate the state courts were unreasonable to reject this claim. As the state habeas court observed, the repeated answer by Juror Cowles on the trial transcript is most likely to have been the result of transcription error. (Case No. 17-11522, ECF No. 1, PageID.68.)

Transcripts are generally presumed to be accurate. *LaPine v. Romanowski*, No. 15-11206, 2022 WL 247861, at *15 (E.D. Mich. Jan. 25, 2022) (Goldsmith, J.) (collecting cases). However, courts must evaluate them in context. *Hardaway v. Withrow*, 305 F.3d 558, 562 (6th Cir. 2002). And on habeas review, the "nonstatutory presumption" of the accuracy of a trial transcript must yield to AEDPA's statutory deference to state court findings. *Hardaway*, 305 F.3d at 562.

Here, the repeated use of Cowles' name during the jury poll is offset by the subsequent actions of the court and answers by the prosecution and defense counsel, none of which indicate any error occurred during the poll.

Thus even presuming its accuracy, the transcript presents an ambiguous picture. Petitioner has not demonstrated to a clear and convincing standard that the state courts were unreasonable in their factual findings and rejection of his claim.

### C. State court authority cannot be the basis for habeas relief

The remainder of petitioner's argument for relief relies on Michigan authority, including Mich. Const. 1963 Art. 1, § 20 and Michigan Court Rules 6.410 and 6.420.[3] (*See* ECF No. 1, PageID.10-13.) None of these support federal habeas relief, because "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). "A violation of state law is not cognizable in federal habeas corpus unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution." *Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008) (citations omitted).

---

[3] Petitioner also refers to "USCS Federal Rule 31, Jury Verdict" (ECF No. 1, PageID.10-11), but that rule only applies to criminal proceedings which take place in the federal courts. *See* Fed. R. Crim. P. 1(a)(1).

Petitioner's circumstances do not rise to the level of a fundamental miscarriage of justice nor an infringement of his due process rights. He is not entitled to habeas relief for any violation of state laws or rules.

### D. The petition appears untimely

The Court finally notes that the Michigan Supreme Court denied petitioner's motion for reconsideration on May 18, 2019, *Clay*, 503 Mich. 1039, but petitioner did not file his petition until December 12, 2022,[4] over three and a half years later. Under AEDPA, a one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). Generally, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. *See id.*; *see also* A*llen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). A federal habeas court may but is not required to dismiss an untimely petition *sua sponte*. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

---

[4] The Court's docket incorrectly lists the petition as filed December 19, 2022. Petitioner signed the petition on December 12, 2022. (ECF No. 1, PageID.16.) The "relaxed filing standard" of the prison mailbox rule permits the presumption a prisoner submits a pleading for mailing the same day he or she signs it, and that date is considered the filing date. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citation omitted).

However, AEDPA's limitations period "is not a jurisdictional bar"; it may be equitably tolled "where a habeas petitioner 'shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Stiltner v. Hart*, 657 F. App'x 513, 520 (6th Cir. 2016) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). And before dismissing the petition as time-barred, courts "must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. *Day* notes, however, that under certain circumstances, a court may address the merits of the petition rather than dismiss the petition as time-barred. *Id.*

Here, because petitioner is not entitled to relief based on the merits of his claims, the Court deems it unnecessary to require him to argue for the application of equitable tolling.

## IV.   CONCLUSION

For the reasons stated, the Court concludes the petitioner is not entitled to federal habeas relief. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of

appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (2003) (internal quotes and citations omitted). Reasonable jurists would not find the Court's assessment of Petitioner's claims to be debatable or wrong. The Court therefore declines to issue a certificate of appealability.

Lastly, the Court concludes that an appeal cannot be taken in good faith. Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** the petitioner leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

Dated: April 5, 2023

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATE DISTRICT JUDGE